COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Annunziata and Bumgardner
Argued at Alexandria, Virginia


SIMON PHILIP POUND

v.   Record No. 2148-96-4

TOWN OF FRONT ROYAL
                                   MEMORANDUM OPINION[*]
                                        PER CURIAM
ARNOLD KARL ZINNECKER                   MAY 5, 1998

v.   Record No. 2149-96-4

TOWN OF FRONT ROYAL


            FROM THE CIRCUIT COURT OF WARREN COUNTY
                    Dennis L. Hupp, Judge

        Franklin B. Reynolds, Jr., for appellants.

        John B. Arledge, Town Attorney, for appellee.



    Simon Pound and Arnold Zinnecker were charged with driving
under the influence in violation of a Front Royal town ordinance.
 Prior to trial, each defendant filed a motion to dismiss
asserting that the town council had not enacted the ordinance in
compliance with Virginia Constitution Article VII, Section 7.
The trial court denied the motions.  The evidence was stipulated
as sufficient to prove guilt, and the defendants were found
guilty.  Their appeals were consolidated.

    The Constitution states, "on final vote on any ordinance or
resolution, the name of each member voting and how he voted shall

--------------------------------
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

be recorded."  Id.  When the ordinance was adopted, the minutes of that meeting begin by recording the names of each council member present.  The minutes then continue chronologically.  When the council considers the ordinance, the minutes state that the vote was unanimous.  The defendants argue this manner of recording the action taken by the town council does not fulfill the constitutional mandate.  They argue that the minutes must list the name of each council member voting and the member's vote.  They argued that this tabulation must appear at each place where a vote is recorded in the minutes.

The Supreme Court recently ruled on this issue in Town of Madison v. Ford, 255 Va. ___, ___ S.E.2d ___ (1998).  An ordinance enacted in the same manner as that used in this case was held not to comply with the constitutional mandate, and the ordinance was held null and void.  Because this case is controlled by that rationale, we reverse the convictions and enter final judgment.

Reversed and final judgment.